[No. 27423. Department Two. May 29, 1939.]

EZRA LYMAN HORTON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*John S. Lynch* and *Phil K. Eaton*, for appellant.

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants*, for respondent.

GERAGHTY, J.—The appellant was injured August 20, 1930, while in the employ of the Weyerhaeuser Timber Company and engaged in extrahazardous work as defined in the workmen's compensation act. A claim

---

[1]Reported in 90 P. (2d) 1009.

for compensation for this injury was filed by him and adjusted by the department of labor and industries.

Thereafter, January 7, 1932, he sustained a second injury while employed in extrahazardous work by the state highway department. His claim for compensation for disability resulting from the second injury was filed with the department and rejected upon the ground that his existing disability was not the result of the later accident. On appeal, the superior court determined that the appellant sustained the disability as the result of the second injury, and remanded the claim to the department for further proceedings in conformity with the court's decision.

The department then reopened the matter and, March 31, 1933, allowed payment for time loss to that date, and then closed the claim. Dissatisfied with this ruling of the department, the appellant petitioned for a rehearing before the joint board. The claim remained unadjusted until April 16, 1935, when the board made an order reversing the supervisor of industrial insurance and classifying the claimant's condition as permanent total disability.

April 17, 1935, claimant applied to the department for conversion of the monthly payments to which this classification would entitle him into a lump sum settlement. The petition recited that:

"Your petitioner desires to compromise and settle said claim in full and requests his present classification of temporary total disability be changed and that he be classified by the supervisor of industrial insurance as a case of total permanent disability and that his pension for said classification as provided by law be computed and be converted into a lump sum payment in the sum of $3,000. That upon receipt by him of a warrant in the sum of $3,000, your petitioner hereby releases and discharges the department of labor and industries from any and all claims and demands for further com-

pensation, present or future, arising from his injury of January 7, 1932, as aforesaid."

The department approved the application, and the conversion and settlement petitioned for was made by payment to the appellant of three thousand dollars April 25, 1935.

December 22, 1937, appellant petitioned the department to reopen his claim and reinstate him on a monthly pension basis. The department reopened his claim and, January 14, 1938, made an additional award to him of one thousand dollars, thus bringing the lump sum payment up to the statutory maximum of four thousand dollars, the utmost that could have been paid under the act. The appellant refused this additional award and applied for a rehearing before the joint board, asking that the three-thousand-dollar payment theretofore made be treated as an advance on the monthly payments due him for permanent total disability. The joint board sustained the action of the supervisor, whereupon the appellant appealed to the superior court. The court affirmed the departmental decision, and this appeal follows.

The argument made in behalf of appellant is that no pension reserve was set up or any computation of the value of his annuities made by the state insurance commissioner; and, further, that the lump sum settlement of three thousand dollars was void under the rule announced in *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505, and that the settlement could not be validated by payment of the additional one thousand dollars.

Rem. Rev. Stat., § 7681 [P. C. § 3475], provides:

"In case of death or permanent total disability the monthly payment provided may be converted, in whole or in part, into a lump sum payment *(not in any case to exceed four thousand dollars ($4,000)),* equal or proportionate as the case may be to the value of the annu-

ity then remaining, to be fixed and certified by the state insurance commissioner, in which event the monthly payment shall cease in whole or in part accordingly or proportionately. Such conversions may only be made after the happening of the injury and upon the written application of the beneficiary (in case of minor children the application may be by either parent) to the department, and shall rest in the discretion of the department. *Within the rule aforesaid* the amount and value of the lump sum payment may be agreed upon between the department and the beneficiary. . . .

"Nothing herein contained shall preclude the department from making, and authority is hereby given it to make, on its own motion, lump sum payments equal or proportionate, as the case may be, to the value of the annuity then remaining, in full satisfaction of claims due to dependents." (Italics ours.)

In reference to this section, it is to be noted that a conversion of monthly payments into a lump sum settlement can be made only upon the written application of the beneficiary. The department cannot, under the act, require a beneficiary to accept a lump sum settlement. The department may, however, upon its own motion, make lump settlements of the claims of dependents, who are defined in Rem. Rev. Stat., § 7675 [P. C. § 3470], as not including the workman's widow and children under the age of sixteen years.

Had appellant not petitioned for a conversion, he could not have been forced by the department to accept a lump sum settlement. But he petitioned for settlement, and the department had the option to grant his request or deny it. When the department acceded to his request, it was required, by the express words of the statute, to pay him in settlement a lump sum in accordance with the rule set out in Rem. Rev. Stat., § 7681. As appellant was about thirty-five years of age at the time, the value of his monthly pension would exceed four thousand dollars, the maximum

amount that could be paid on conversion under the act.

The settlement of three thousand dollars was made by all parties, doubtless in good faith, before our decision in *Booth v. Department of Labor & Industries, supra.* In that case, the court announced the salutary rule that, when the department, on the application of the beneficiary, elects to make a lump sum settlement, the settlement must conform to the formula prescribed in the statute. Recognizing the rule, the department made the additional allowance of one thousand dollars to the appellant. Appellant accepted the original settlement and, for two years thereafter, took no appeal and made no complaint.

While considerations of public policy forbid the department paying him less than the amount to which he was entitled on the basis of his classification and his petition for conversion, the classification and the order directing conversion are not void. The order fixing the amount to be paid on conversion was void in the sense that it did not relieve the department from payment of the full amount due the appellant. When, thereafter, the department paid him all that it could have awarded under the law at the time of conversion, it satisfied the requirements of the statute.

If this were a controversy between private individuals, the appellant might be entitled to interest on the deferred payment, but the act does not provide for the payment of interest, and it is a rule of law that the state cannot, without its consent, be held to interest. *Spier v. Department of Labor & Industries,* 176 Wash. 374, 29 P. (2d) 679.

We cannot accede to appellant's contention that, because the department failed to pay him the full four thousand dollars at the time of conversion, the steps antecedent to the payment were void. Suppose that,

notwithstanding his offer to take three thousand dollars upon conversion, the department had paid appellant four thousand dollars at the time of settlement, could he be heard now to urge that, although he received the full sum to which he was then entitled, his petition for conversion was of no effect because it embodied the unauthorized offer to take less? We think not. The department, in order to conform to the decision in the *Booth* case, awarded him the full amount to which he was entitled on conversion. This, we think, satisfies the requirement of the act, and his appeal from the award to the superior court was without merit.

The judgment is affirmed.

BLAKE, C. J., BEALS, and SIMPSON, JJ., concur.