[No. 3771–1–III. Division Three. April 9, 1981.]

CAROLYN FAIRLEY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Charles R. Bush, Assistant,* for appellant.

*Philip M. Raekes* and *Raekes, Rettig & Osborne,* for respondent.

GREEN, J.—The Department of Labor and Industries (Department) appeals a summary judgment requiring a claim made by Carolyn Fairley for compensation under the crime victims compensation act, RCW 7.68 (Act) to be reevaluated. We affirm.

Three questions are presented: (1) Did the trial court have jurisdiction to determine the validity of Mrs. Fairley's claim when she failed to appeal the Department's decision within 60 days as required by RCW 51.52.060? (2) Does a Supreme Court decision, rendered after the Department determination but before appeal to the superior court, control? and (3) Does a subsequent legislative amendment, nullifying the Supreme Court decision, apply retroactively to require affirmance of the Department's determination?

The facts are not disputed. On August 4, 1973, James Fairley died as a result of a criminal assault. His widow filed a claim with the Department for death benefits. Her

claim was approved, but the Department stated no benefits would be payable at that time because she was receiving life insurance proceeds and social security benefits exceeding the amount payable under the Act. When she asked for the basis for this calculation, the Department recalculated her benefits and on September 25, 1975, issued an order reaffirming its decision. The Department reasoned that social security benefits constituted "public insurance" under RCW 7.68.130[1] and were deductible from the benefits payable. The order stated, "The Department will recalculate benefits upon notice from Mrs. Fairley that circumstances have changed." Mrs. Fairley did not appeal this order.

On July 24, 1978, Mrs. Fairley requested the Department to reconsider its 1975 order. This was denied. She petitioned for review to the Board of Industrial Insurance Appeals. Review was denied because the 1975 departmental order had not been appealed within 60 days. Mrs. Fairley appealed the Board decision to superior court, contending the Department misinterpreted the term "public insurance." Subsequently, she moved for summary judgment on this issue. The court granted summary judgment, holding that social security benefits should not reduce the amount payable to Mrs. Fairley.

First, the Department contends Mrs. Fairley's failure to appeal to the Board within 60 days after its 1975 order deprived the Board, as well as the courts, of jurisdiction. We disagree.

This case is analogous to *Booth v. Department of Labor & Indus.*, 189 Wash. 201, 64 P.2d 505 (1937). There, a miner's widow received monthly benefits under the workmen's compensation act after her husband's death. There-

---

[1]Former RCW 7.68.130 provided:

"Benefits paid pursuant to this chapter shall be reduced by the amount of any other public or private insurance, industrial insurance, or medical health or disability benefits available. Payment by the department under this chapter shall be secondary to such other insurance or benefits, notwithstanding the provision of any contract or coverage to the contrary."

after, the Department agreed to a lump sum settlement of a dispute which had previously caused her benefits to be terminated. This sum was to compensate her for all past and future benefits. More than 1 year after she accepted the lump sum payment, the widow filed a petition for adjustment of compensation, claiming she was entitled to an additional amount under the statute. The Department denied her petition on the basis that the amount of the settlement was discretionary and her claim was barred by the statute of limitations. The Supreme Court voided the settlement on the ground the Department had incorrectly construed the statute. In holding the time limitation for appeal did not apply, the court reasoned, at page 210:

> Being a void order, no appeal to the joint board therefrom was necessary, and hence the statute of limitations would not apply. Whatever amount the department failed to pay according to the mandate of the statute would still be owing to the beneficiary, and no appeal would be necessary until the department should refuse to pay, or to entertain a claim for, the balance of the amount legally owing. That was the procedure followed in this case.[2]

Here, prior to Mrs. Fairley's appeal to the superior court, *Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 598 P.2d 725 (1979), was decided. In that case, the court held social security benefits are not "public insurance" and do not reduce the benefits payable under the Act. The court, at pages 473–74, reasoned:

> To reduce benefits available to innocent victims of crime in this state by the amount of OASI payments would vir-

---

[2]The impact of this decision was further clarified in *Hagen v. Department of Labor & Indus.*, 193 Wash. 555, 563–64, 76 P.2d 592 (1938), where the court reasoned that if a claimant is entitled to an award, she is entitled to the full amount, and an order granting less is void. The correctness of this position is patently clear because (1) the Department is a creature of statute with very limited and well defined authority (*See State v. Eyres Storage & Distrib. Co.*, 115 Wash. 682, 690, 198 P. 390 (1921)); and (b) all the facts that require the recognition of the claim and issuance of the award are before the Department, but the Department, through its own mistake, has failed to comply with the statutory mandate. *See Southern v. Department of Labor & Indus.*, 39 Wn.2d 475, 236 P.2d 548 (1951).

tually destroy the compensatory foundation of the Act for a major segment of the population. Where doubt or uncertainty arise from words used by the legislature, the section under construction should be read in context with the entire act and a meaning ascribed to it that avoids strained or absurd consequences. . . . Applying this common sense rule of statutory construction, we are unwilling to construe RCW 7.68.130 in such a manner as to destroy its application to a major segment of the state's population.

 In light of *Standing, supra,* the Department here misconstrued the term "public insurance" in calculating Mrs. Fairley's benefits. In our view, *Booth* applies. The court analyzed the facts in that case, stating at page 211:

[T]he result intended to be accomplished [was] due to a *misconception of the proper construction of the statute.* Later, after the lump sum payment had been made, respondent conceived that the statute was not capable of the construction which the parties had placed upon it. She then took the position that the agreement was void, and that, therefore, she was entitled to an additional fourteen hundred dollars. The appellant, on the contrary, insisted that the *interpretation* originally given to the statute by the parties was correct.

(Italics ours.) Here, as in *Booth,* the Department miscalculated Mrs. Fairley's benefits because of a misconstruction of the statute. Its award, being outside the statutory mandate, was therefore void. See footnote 2. Being a void order, no appeal from the initial decision was necessary. As in *Booth,* although Mrs. Fairley did not challenge the Department's initial decision, she timely appealed its refusal to reconsider because of changed circumstances and the Board's denial of her request for recalculation of benefits. Based on *Booth,* we find the court had jurisdiction of Mrs. Fairley's appeal.

 Second, the Department argues *Standing* cannot be retroactively applied to its order. A similar issue was addressed in *Johnson v. Morris,* 87 Wn.2d 922, 557 P.2d 1299 (1976). In that case, after the defendant's conviction, the Supreme Court held that the age of majority for extending jurisdiction over a juvenile defendant was 18. *In*

*re Carson,* 84 Wn.2d 969, 530 P.2d 331 (1975). Later, the juvenile court extended jurisdiction over the defendant until he was 19, based upon a subsequent legislative enactment providing for jurisdiction over juveniles until age 21. The *Johnson* court reasoned that *Carson* controlled, at pages 927–28:

> It is a fundamental rule of statutory construction that once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it. . . . In other words, there is no "retroactive" effect of the court's construction of a statute; rather, once the court has determined the meaning, *that is what the statute has meant since its enactment.* . . . Therefore, although not yet enunciated, the law at the time respondent committed his criminal acts was that juvenile court jurisdiction ceased at age 18, not 21.

The court's holding in *Standing* that social security benefits were not "public insurance" under the Act related back to the time of its enactment. Consequently, the Department erroneously reduced the benefits due Mrs. Fairley by the amount of the social security benefits.

Finally, the Department contends *Standing* does not control because of the legislature's subsequent enactment of sections 1 and 2(7), chapter 156, Laws of 1980. Therein, "public insurance" was defined as

> any source of recompense provided by statute, state or federal, available as a result of the claimed injury or death at the time of such injury or death, or which becomes available at any time thereafter.

Laws of 1980, ch. 156, § 2(7). The Department points out that in *Standing, supra* at page 474, the court stated, "Further clarification or limitation of its application must be left to the legislature." It is contended the legislature thereby clarified its intent that social security benefits are "public insurance" and the enactment should be given retroactive effect. It is argued this intent was declared in section 1:

> Sections 2 through 4 of this 1980 act are required to clarify the legislative intent concerning the phrase "pub-

lic or private insurance" as used in section 13, chapter 122, Laws of 1973, 1st ex. sess. and RCW 7.68.130 which was the subject of Wagner v. Labor & Indus., 92 Wn.2d 463 [598 P.2d 725] (1979). It has continuously been the legislative intent to include as "public insurance" both state and federal statutory social welfare and insurance schemes which make available to victims or their beneficiaries recompense as a result of the claimed injury or death, such as but not limited to old age and survivors insurance, . . .

Further, it is urged this court is "not at liberty to speculate upon legislative intent when that body, having subsequent opportunity, has put its own construction upon its prior enactments." *State ex rel. Oregon R.R. & Navigation Co. v. Clausen,* 63 Wash. 535, 541, 116 P. 7 (1911); *Cowiche Growers, Inc. v. Bates,* 10 Wn.2d 585, 604, 117 P.2d 624 (1941); *Carpenter v. Butler,* 32 Wn.2d 371, 377, 201 P.2d 704 (1949); *Anderson v. Seattle,* 78 Wn.2d 201, 202–03, 471 P.2d 87 (1970). None of the cited cases involve an intervening court interpretation. As the court stated in *Johnson v. Morris,* at pages 925–26:

petitioner's argument ignores the fact that in this case the existing law *as interpreted by this court,* was that juvenile court jurisdiction was coterminous with minority. If the legislature desired to change the existing law, to extend jurisdiction to age 21, it must enact legislation providing a specific exception to the age of majority statute, which would necessarily be an amendment to the juvenile law.

Petitioner cites no authority for the proposition that the legislature is empowered to retroactively "clarify" an existing statute, when that clarification contravenes the construction placed upon that statute by this court. Such a proposition is disturbing in that it would effectively be giving license to the legislature to overrule this court, raising separation of powers problems.

■■ A legislative enactment is presumed to apply prospectively and will not be applied retroactively unless the legislature clearly expresses a contrary intent or does so by implication. *Cowiche Growers, Inc., supra* at 605; *Anderson, supra* at 202; *Haddenham v. State,* 87 Wn.2d 145, 149,

550 P.2d 9 (1976). In *Standing, supra* at page 472, it was noted that the legislature "failed to provide either a definition or examples of those kinds of benefits intended to fall within the rubric of the term ['public insurance']." In construing the term, the court declared the legislative intent at the time of enactment. After *Standing,* a subsequent legislature in 1980 defined "public insurance" to include social security benefits. It is evident the change came about as a result of *Standing.* The 1980 enactment must, then, necessarily be an amendment to the original Act and has prospective effect only. *See Cowiche Growers, Inc., supra* at 605; *Johnson, supra* at 927.

The order granting summary judgment is affirmed.

MUNSON, J., concurs.

ROE, A.C.J. (dissenting)—I dissent. In order to allow this appeal beyond the 60–day limitation period set forth in RCW 51.52.060, the majority finds the department's initial award, made in 1975, void. It does this under the authority of *Booth v. Department of Labor & Indus.,* 189 Wash. 201, 64 P.2d 505 (1937). In *Booth,* the plaintiff widow received a pension of $35 per month, which was terminated because of her alleged remarriage. Booth appealed that action. In settlement, the department agreed to return Booth to the pension rolls and to then convert her pension into a lump sum payment of $2,600. The order of the department which both reinstated Booth and converted the pension into a lump sum award was never signed by the State Insurance Commissioner as required by statute. Over 1 year later, Booth petitioned the department to readjust her award, seeking $1,400 to meet the $4,000 maximum allowed by statute. The department denied the petition and Booth appealed to the Superior Court, which found in her favor.

In upholding the trial court, the Supreme Court held the department must comply in amount with this computation as fixed by the statute.

It is not the function of the department, in such cases, to

award an amount which it, for one reason or another, may deem just under the particular circumstances, even though the beneficiary may agree to accept such amount. Its function is to follow the method provided for the determination of the necessary facts and then apply the statutory measure of compensation to the particular case. *Booth, supra* at 208. *Booth* addressed itself to departmental actions which involved mathematical computations set forth in the statutes. This interpretation is strengthened by later cases which relied on *Booth. Hicks v. Department of Labor & Indus.*, 1 Wn.2d 686, 97 P.2d 111 (1939); *Horton v. Department of Labor & Indus.*, 199 Wash. 212, 216, 90 P.2d 1009 (1939); *Hagen v. Department of Labor & Indus.*, 193 Wash. 555, 561, 76 P.2d 592 (1938).

The *Booth* court held that such an award was void, *Booth, supra* at 209, and because it was void, no appeal from it was necessary and the statute of limitations did not apply. *Booth, supra* at 210. Later cases, in explaining *Booth,* agreed the department's order was void, but void "in the sense that it did not relieve the department from payment of the full amount due to the appellant." *Sorenson v. Department of Labor & Indus.*, 19 Wn.2d 571, 575, 143 P.2d 844 (1943). *See also Deal v. Department of Labor & Indus.*, 78 Wn.2d 537, 540, 477 P.2d 175 (1970).

The instant case is not concerned with the errors of the department in inaccurately computing the amount due Mrs. Fairley, but with the department's interpretation of the statute relating to the meaning of public insurance. This is not, for me, a case in which the order is void, but instead one in which the department's interpretation of a statute was found 4 years later by the Supreme Court in another case to be incorrect.[3] *Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 598 P.2d 725 (1979). I do not believe such a chain of events retroactively renders a previous order void. It if did, whenever a case overrules a

---

[3]After *Standing,* the legislature disagreed with the Supreme Court and reinstated the meaning given the statute by the department in the case at bench. Laws of 1980, ch. 156, §§ 1, 2, p. 504–05.

prior case holding, all awards in other cases based on that holding would be void and there would be no limitation on their appeals. When our Supreme Court overrules a prior decision, does it permit appeal from all superior court cases which relied thereon and from which no appeal was ever timely taken? I do not believe this is what the *Booth* court intended, nor do I believe it to be a correct statement of the law. The department must be able to make awards based on its interpretation of a statute with the assurance that its awards may be challenged only by the statutory procedures until its interpretation is reversed by a court or by a subsequent legislative action. Is it the effect of the majority that overpayments or underpayments of welfare grants are not subject to a statute of limitations because of a misinterpretation of need, reportable income or clerical errors in computing the amounts? The majority, in finding the order void, with its attendant decision that appeal is possible without time limitation, unduly and without reason hinders the department in its work and occasions a startling legal principle which will seriously trouble the courts. Accordingly, I dissent.

Reconsideration denied May 20, 1981.

Review denied by Supreme Court September 3, 1981.