[No. 31534-0-I. Division One. December 30, 1993.]

BEVERLY MARLEY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

---

*Christine O. Gregoire, Attorney General,* and *Nancy T. Day, Senior Counsel,* for appellant.

*Daniel P. Thompson,* for respondent.

KENNEDY, J. — The Department of Labor and Industries (the Department) appeals the trial court's grant of summary judgment to Ms. Marley. Specifically, the Department contends that (1) the trial court erred by allowing Ms. Marley to circumvent the 60-day appeal limitation, and (2) child support does not necessarily qualify as maintenance under RCW 51.08.020. We agree with the Department on the first issue and reverse the trial court on this basis. Accordingly, we need not reach the Department's second issue.

## FACTS

On April 3, 1984, Mr. Marley was fatally injured during the course of employment. Ms. Marley subsequently filed a claim for surviving spouse benefits. Ms. Marley was represented by an attorney on her claim.

Upon investigating the claim, the Department learned that Mr. and Ms. Marley, although married, had lived separate and apart since 1972. The Department also learned that Mr. Marley has been paying child support, pursuant to an administrative order, through the Department of Social and Health Services. The Department representative spoke with Ms. Marley and explained its determination that she had been living in a "state of abandonment". Ms. Marley directed the representative to her attorney. There is no indication of any contact between the representative and Ms. Marley's attorney beyond a message left by the representative with the attorney.

On October 4, 1984, the Department issued an order denying Ms. Marley's claim for survivor benefits because she had been living separate and apart from the deceased and did not qualify as a beneficiary under RCW 51.08.020.[1] This order explained the 60-day time limit on Ms. Marley's right to appeal, and was mailed both to Ms. Marley and her attorney.

No protest or appeal was filed with the Department within 60 days of the October 4, 1984, order. Over 6 years passed before the Department received the protest filed on November 5, 1990, by Ms. Marley's new attorney, Daniel Thompson.

On November 15, 1990, the Department issued a letter advising Ms. Marley's attorney that the 1984 order was final and that her 1990 protest was untimely. Ms. Marley then appealed to the Board of Industrial Insurance Appeals (the Board).

During hearings, an industrial appeals judge heard testimony from Ms. Marley that she had received money from

---

[1]RCW 51.08.020 provides:

" 'Beneficiary' means a husband, wife, child, or dependent of a worker in whom shall vest a right to receive payment under this title: PROVIDED, That a husband or wife of an injured worker, living separate and apart in a state of abandonment, regardless of the party responsible therefor, for more than one year at the time of the injury or subsequently, shall not be a beneficiary. A spouse who has lived separate and apart from the other spouse for the period of two years and who has not, during that time, received, or attempted by process of law to collect, funds for maintenance, shall be deemed living in a state of abandonment."

Mr. Marley on an infrequent basis. The judge issued a proposed decision and order affirming the Department's determination that the protest was untimely and that the appeal was therefore barred. The basis of this ruling was that the issue of whether Ms. Marley was living in a state of abandonment was a question of fact that should have been addressed by a timely appeal of the Department's order.

On August 16, 1991, the Board denied Ms. Marley's petition for review, adopting the proposed decision and order as its final order.

Ms. Marley appealed to superior court. Both parties moved for summary judgment, and the trial court entered judgment for Ms. Marley on September 9, 1992. The summary judgment order reverses the Board's denial of surviving spouse benefits to Ms. Marley based on its determination that the claim was time barred and remands the claim to the Department for a determination of whether Ms. Marley was living in a state of abandonment at the time her husband was fatally injured.

DISCUSSION

This review is governed by RCW 51.52.140, which provides that an appeal shall lie from the judgment of the superior court as in other civil cases and that ordinary practice in civil cases shall apply. *Department of Labor & Indus. v. Moser*, 35 Wn. App. 204, 208, 665 P.2d 926 (1983).

I

Administrative Interpretation of a Statute
as an Error of Law

Generally a department order is final and binding with respect to all issues specifically addressed by the order, unless an appeal or protest and request for reconsideration is filed within 60 days of the order's communication. RCW 51.52.050, .060; *Kuhnle v. Department of Labor & Indus.*, 15 Wn.2d 427, 130 P.2d 1047 (1942) (where no appeal was taken within the time limit provided by statute, no appeal of the order will lie); *Ek v. Department of Labor & Indus.*, 181 Wash. 91, 41 P.2d

1097 (1935) (the rejection of a worker's claim by the Department, after the expiration of the time to take an appeal, is an adjudication binding upon claimant).

This is true unless the order is "void".[2] If an order is void, then no appeal is necessary and the statute of limitations will not apply. *Booth v. Department of Labor & Indus.*, 189 Wash. 201, 210, 64 P.2d 505 (1937). It has been held by Division Three of this court that an order is void where it is based on an agency's misconstruction of a statutory mandate. *Fairley v. Department of Labor & Indus.*, 29 Wn. App. 477, 481, 627 P.2d 961, *review denied*, 95 Wn.2d 1032 (1981).

There is no dispute that Ms. Marley did not appeal or protest the October 4, 1984, order (the Order) denying her benefits within 60 days. It is also not disputed that the first appeal of the Order came to the Department on November 9, 1990. The dispute between Ms. Marley and the Department, therefore, focuses on the validity of the Order and its effect.

■ Ms. Marley contends that the *Fairley* error of law exception is controlling because the Department erred in misinterpreting RCW 51.08.020. This, she argues, stemmed from the Department's disregard of *Johnson v. Department of Labor & Indus.*, 3 Wn.2d 257, 100 P.2d 382 (1940), which held that child support could be sufficient "maintenance" under the statute.

As a preliminary matter, we recognize that the trial court was bound by the court's decision in *Fairley.* This court is not bound, however, and we decline to follow the majority holding in *Fairley.* Instead, we adopt the approach of Judge Roe in his dissenting opinion in *Fairley.*

Judge Roe criticized the majority's reliance on *Booth*, as misplaced. 29 Wn. App. at 484-85.

---

[2]In *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352, 146 A.L.R. 966 (1943)) the court adopted a definition of "void":

"A judgment, decree or order entered by a court which lacks jurisdiction of the parties or to the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void."

*Booth* involved a lump sum award which was later challenged as not in compliance with Rem. Rev. Stat. § 7681 (Pierce's Code § 3475).[3] The widow in *Booth* agreed to a lump sum settlement which was intended to compensate her for all past and future benefits. More than 1 year after she accepted the payment the widow filed a petition for adjustment of compensation, claiming she was entitled to an additional amount under the statute. The Department denied her petition on the basis that the amount of the settlement was discretionary and her claim was barred by the statute of limitations. The Supreme Court voided the settlement on the ground the Department had incorrectly construed the statute. In holding the time limitation for appeal did not apply the court reasoned: "Being a void order, no appeal to the joint board therefrom was necessary, and hence the statute of limitations would not apply." *Fairley*, 29 Wn. App. at 480 (quoting *Booth*, 189 Wash. at 210).

Judge Roe would have limited the scope of the *Booth* holding by characterizing it as a case addressing only "departmental actions which involved mathematical computations set forth in the statutes." 29 Wn. App. at 485. We find this interpretation correct and supported by later cases adopting the *Booth* rationale.

In *Hagen v. Department of Labor & Indus.*, 193 Wash. 555, 560, 76 P.2d 592 (1938), the court followed the holding in *Booth*, noting that when the Department elects to make a cash settlement or conversion, it must do so in compliance with the formula set out in Rem. Rev. Stat. § 7681. The *Hagen* court noted that the Department's function is not to award an

---

[3] When the Department elects to make a cash settlement or conversion, it must do so in compliance with the formula set out in this section:

"In case of death or permanent total disability the monthly payment provided may be converted, in whole or in part, into a lump sum payment (not in any case to exceed four thousand dollars ($4,000.00), equal or proportionate as the case may be to the value of the annuity then remaining, to be fixed and certified by the state insurance commissioner, in which event the monthly payment shall cease in whole or in part accordingly or proportionately." *Booth*, 189 Wash. at 205 (quoting Rem. Rev. Stat. § 7681 (Supp. 1941)).

amount that it deems just, but to follow the methods provided for and then apply the statutory measure of compensation. 193 Wash. at 561. Where the Department failed to do this, the *Hagen* court found that the order granting the plaintiff less than the statutory amount was void. 193 Wash. at 563-64.

In *Sorenson v. Department of Labor & Indus.*, 12 Wn.2d 355, 121 P.2d 978 (1942) (*Sorenson* I), the Department made a lump sum settlement with the claimant, claiming Rem. Rev. Stat. §§ 7681, 7684 as authority.[4] The *Sorenson* I court found that, at the time of the lump sum settlement, the claimant was an alien, but that he had resided in the United States for over 30 years. When the settlement was finalized the claimant was a resident and therefore the Department did not proceed in accordance with the statutory requirements, making the settlement void. 12 Wn.2d at 362 (citing *Booth*, 189 Wash. at 201; *Horton v. Department of Labor & Indus.*, 199 Wash. 212, 90 P.2d 1009 (1939)).

In *Sorenson v. Department of Labor & Indus.*, 19 Wn.2d 571, 143 P.2d 844 (1943) (*Sorenson* II), the court clarified its previous holding:

> [In *Sorenson* I w]e held that the order fixing the amount to be paid on conversion was void in the sense that it did not relieve the department from payment of the full amount due to the appellant. . . . and that . . . the procedure outlined in . . . *Booth v. Department of Labor & Industries* . . . *should be* [followed.]

19 Wn.2d at 575. The *Sorenson* II court clarified that its determination that the order was void was limited to the Department's ability to avoid the obligation to pay the full statutory amount to the claimant when it noted that:

---

[4]The *Sorenson* I court, at pages 361-62, found that the Department relied on portions of each statute:

" 'In the event any payment shall be due to an alien residing in a foreign country, the department may settle the same by making a lump sum payment in such amount as may be agreed to by such alien, not to exceed 50% of the value of the annuity then remaining.' (§ 7681.)

" 'Except as otherwise provided by treaty, whenever under the provisions of this act, compensation is payable to a beneficiary or dependent who is an alien not residing in the United States, the department shall pay fifty per centum of the compensation herein otherwise provided to such beneficiary or dependent'. (§ 7684.)"

the order fixing the amount to be paid on conversion was void in the sense that it did not relieve the department of the full amount to appellant, but that, when thereafter the department paid him all that it could have awarded under the law at the time of conversion, it satisfied the requirements of the statute[.]

19 Wn.2d at 577.

In *Southern v. Department of Labor & Indus.*, 39 Wn.2d 475, 236 P.2d 548 (1951), the court held that it was improper for the Department to effect a compromise with a claimant classifying him as totally permanently disabled, but paying him an arbitrary amount in a lump sum settlement which was considerably less than the statutory award. The *Southern* court did not rely on *Booth* but still found that such conduct amounted to a compromise which exceeded the scope of statutorily permissible action by the Department. The court noted that the

". . . method and . . . procedure [of adjudicating claims as set up by the act] are exclusive, and remain so until lawfully repealed either expressly or by such implication as makes its repeal necessary."

*Southern*, 39 Wn.2d at 479 (quoting *State ex rel. Trenholm v. Yelle*, 174 Wash. 547, 552, 28 P.2d 1119 (1934)).

The court in *Deal v. Department of Labor & Indus.*, 78 Wn.2d 537, 477 P.2d 175 (1970) was faced with the issue of recouping an overpayment of benefits where the Department made a mistake of fact. The *Deal* court refused to follow the holding of *Booth*, finding it was distinguishable. The *Deal* court noted that *Booth*, *Sorenson* and *Southern* involved:

instances wherein the department had initially made lump sum payments to recipients later determined to be void because such settlements were *less* than that which the recipient was legally entitled to receive [under the statute]. . . . These three cases merely hold that, in paying the recipient the additional amount to which he is entitled, the department need pay the recipient only that dollar award prescribed by statute.

78 Wn.2d at 540.

In distinguishing *Booth* and its progeny, Judge Roe argued that the challenge in *Fairley* was related to the Depart-

ment's interpretation of the public insurance statute. Unlike *Booth*, the Department's interpretation of public insurance was not challenged as erroneous at the time it was made, but was challenged only after the Supreme Court found this interpretation to be incorrect in a subsequent case.[5] Implicit within Judge Roe's distinction is a characterization of the Department's decision in *Booth* as void because the Department *exceeded* its statutory authority. This is different from the Department's decision in *Fairley*, where the Department merely made an erroneous interpretation of the statute, as evidenced by later case law so holding. Judge Roe's distinction is supported by the Supreme Court's definition of "void" in *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (see footnote 2). Under *Dike*, the order at issue in *Fairley* and the one now at issue in this appeal are more properly characterized as "erroneous":

> Where a court has jurisdiction of the parties and of the subject matter, and has the power to make the order or rulings complained of, but the latter is based upon a mistaken view of the law or upon the erroneous application of legal principles, it is erroneous.

*Dike v. Dike*, 75 Wn.2d at 7 (quoting *Robertson*, at 536). The legal distinction between a void order and an erroneous one is significant:

> "Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law."

*Dike v. Dike*, 75 Wn.2d at 8 (quoting 1 A. Freeman, *Judgments* § 357, at 744 (5th ed. 1925)).

 In the present case, the Department's determination in 1984 that the mere payment of child support amounted to insufficient evidence to overcome the inference of abandonment is not contrary to a statutory mandate. While it is true that the court in *Johnson v. Department of Labor & Indus.*, *supra*, held that money paid by the husband for the support of

---

[5]*Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 598 P.2d 725 (1979).

the child was also for the support of the mother, that case did not create a per se rule that child support always is to be deemed support of the mother as well. Moreover, even if the Department erred in overlooking or ignoring *Johnson*, this may have resulted in an erroneous decision, but this certainly did not make the decision void. To hold otherwise would make nearly any appeal possible without time limitation, thereby unduly and without reason hindering the Department in its work.

Accordingly, the judgment of the trial court is reversed, and the Board's determination that Ms. Marley's 1990 protest was time barred is reinstated.

FORREST and AGID, JJ., concur.

Review granted at 124 Wn.2d 1001 (1994).