[No. 42360-6-I.   Division One.   April 12, 1999.]

ROBERT SEBASTIAN, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*William D. Hochberg* and *Sara S. Smith*, for appellant.
*Christine O. Gregoire, Attorney General*, and *Karen Galipeau Forner, Assistant*, for respondent.

ELLINGTON, J. — Robert Sebastian sought compensation under the crime victims' compensation act, RCW 7.68, after he was injured in an assault. His total loss exceeded the statutory cap on "benefits payable" under the Act. The Department of Labor and Industries (the Department) awarded him the statutory cap minus the amount of the Social Security benefits he received. Sebastian claims that the amount of Social Security benefits should have been deducted from his total loss, and the statutory cap should have been applied to the remainder.

Both parties' interpretations of the statute are plausible, so the statute is ambiguous. Because it is a remedial stat-

ute, we give it a liberal construction. We conclude that the term "benefits payable" refers to the benefits for which the claimant would be eligible, without regard to the statutory cap. It is this amount from which collateral source payments are properly deducted. The amount remaining, if more than $30,000, is the amount subject to the statutory cap, and the Department's obligation is $30,000. If the amount remaining is not more than $30,000, then it is the amount the Department is obligated to pay. Accordingly, we reverse the decision of the Board of Industrial Insurance Appeals and remand for a recalculation of the award to which Sebastian is entitled in accordance with this opinion.

## Background

Robert Sebastian was seriously injured as a result of a criminal assault that occurred on December 4, 1990. He applied for compensation under the crime victims' compensation act, RCW 7.68, under which benefits are calculated by reference to industrial insurance standards. RCW 7.68.070. The Department granted him time loss compensation of $1,515.90 for the period from December 6, 1990 through May, 1991. Sebastian received $7,800 in wage replacement benefits from the Social Security Administration for the period from June 1, 1991 to June 1, 1993. During the same period, Sebastian was also deemed entitled to $6,272.64 in time loss compensation. The Department did not pay Sebastian this amount, however, because it offset what it owed him against the Social Security benefits he received. The Department then awarded Sebastian $13,500 in permanent partial disability based on a mental impairment. It also determined he was entitled to $22,500 based on 25 percent total bodily impairment, and paid him $1,500 of this amount.

The Department determined the total amount it was obligated to pay Sebastian by subtracting the following from the $30,000 statutory cap: the time loss compensation to which Sebastian was entitled, but which was offset by Social Security payments; time loss compensation paid;

permanent partial disability, mental impairment, paid; and the amount paid towards the 25 percent total bodily impairment award of $25,000. These items totaled $22,788.54. The Department deducted this amount from the statutory cap and determined that it owed Sebastian $7,211.46. Under this method of calculation, Sebastian was left with $13,778.54 in uncompensated loss ($43,788.54 total eligibility minus the $30,000 statutory cap). Also under this method, the Department paid less than the statutory cap of $30,000.

The Board of Industrial Insurance Appeals (the Board) affirmed the Department's determination. The King County Superior Court affirmed the Board.

## Discussion

■ Appeals under the Act are governed by the Administrative Procedures Act, RCW 34.05. RCW 7.68.110; *see also* *L.H. v. Department of Labor & Indus.*, 86 Wn. App. 512, 516 n.1, 940 P.2d 657 (1996) *review denied*, 133 Wn.2d 1018 (1997). We will grant relief if the Board erroneously interpreted or applied the law. RCW 34.05.570(3)(d); *L.H.*, 86 Wn. App. at 516 n.1. Under this error of law standard, we engage in a de novo review of the agency's legal conclusions. *Hensel v. Department of Fisheries*, 82 Wn. App. 521, 525-26, 919 P.2d 102 (1996).

Two provisions of the Act are relevant to the issue presented. RCW 7.68.130(1) provides, "Benefits payable pursuant to this chapter shall be reduced by the amount of any other public or private insurance available[.]" RCW 7.68.070(13) provides, "Except for medical benefits authorized under RCW 7.68.080 [not relevant here], no more than thirty thousand dollars shall be granted as a result of a single injury or death[.]"

The Department argues that the term "benefits payable" as used in RCW 7.68.130(1) refers to the actual amount the Department is obligated to pay a claimant. Thus, it argues, the amount a claimant receives from collateral sources is properly deducted from this amount pursuant to RCW

7.68.130(1). Where, as here, a claimant is entitled to an amount in excess of the statutory cap, the Department argues, it is entitled to deduct collateral source payments from its $30,000 obligation.

Sebastian, by contrast, argues that "benefits payable" refers to the total amount of compensation to which a claimant is entitled as a result of the loss. He argues that collateral source payments are properly deducted from the total. The remaining amount represents the amount the Department is obligated to pay, and is the amount subject to the statutory cap if that amount exceeds $30,000. He argues that this amount, the lesser of the statutory cap or the amount remaining after collateral source payments are deducted, constitutes the benefits "granted" to which RCW 7.68.070(13) refers.

We have found no cases interpreting these provisions in light of the issue raised in this appeal. Both parties have advanced plausible interpretations of these provisions. Thus, the Act is ambiguous. *See In re Sehome Park Care Ctr.*, 127 Wn.2d 774, 778, 903 P.2d 443 (1995) (a statute is ambiguous where it is susceptible to more than one meaning). When a statute is ambiguous, we attempt to determine the legislative intent in enacting the statute. *Id.* In the present case, the legislative intent is not readily apparent, either from the language of the Act or its legislative history.

The Act has been described "patently remedial." *Haddenham v. State*, 87 Wn.2d 145, 148, 550 P.2d 9 (1976). It is therefore entitled to a liberal construction. *See Peninsula Sch. Dist. No. 401 v. Public Sch. Employees*, 130 Wn.2d 401, 407, 924 P.2d 13 (1996). Doubts should be resolved in favor of the injured crime victim. *See Intalco Aluminum Corp. v. Department of Labor & Indus.*, 66 Wn. App. 644, 654, 833 P.2d 390 (1992).

A liberal construction of the Act is consistent with Sebastian's interpretation, not the Department's. We therefore conclude that the term "benefits payable" as

used in RCW 7.68.130(1), refers to the total amount of benefits for which a claimant would be eligible, without regard to the statutory cap. The term "granted" as used in RCW 7.68.070(13) refers to the amount of benefits granted by the Department under the Act, after determining the total loss, subtracting collateral source payments, and applying the cap. Interpreting the statutory provisions in this way, the $7,800 Sebastian received in Social Security payments should be deducted from the total amount of his loss, $43,788.54. Because the amount remaining exceeds $30,000, Sebastian's entitlement under the Act is limited to the $30,000 cap.

Our interpretation is consistent with RCW 7.68.130(3), which provides that payment under the Act is secondary to other insurance benefits. Secondary insurance compensation begins only when the claimant has received the maximum benefits from his or her primary insurer. *See generally* 8A JOHN ALAN APPLEMAN & JEAN APPLEMAN, INSURANCE LAW AND PRACTICE § 4909 (rev. vol. 1981). The secondary insurer is then obligated to compensate the insured until the insured receives the benefits to which he or she is entitled, or until the secondary insurer reaches the limits of its policy, whichever occurs first. Here, those limits are the statutory cap. We find no support for the proposition that the amount paid under the primary coverage must be deducted from the limits of the secondary insurer's obligation to pay.

We reject the Department's arguments that regulations and case law compel a contrary interpretation. The Department cites WAC 296-30-025, which provides that the Department may not provide benefits under RCW 7.68 that are available and equivalent to those services provided under the federal Medicaid statute, 42 U.S.C. § 1396, and RCW 74.09, the state public medical benefits statute. The regulation does not, as the Department suggests, require that its method of computation of benefits be applied. In fact, the regulation sheds no light on whether the Medicaid benefits should be deducted from the claimant's total compensation or the statutory cap.

The Department also cites *Fairley v. Department of Labor & Indus.*, 29 Wn. App. 477, 627 P.2d 961 (1981), *overruled on other grounds by Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 886 P.2d 189 (1994). That case merely held that the amendment to the definition of "public insurance" in the Act, designed to clarify that the term includes Social Security benefits, did not apply retroactively. The case does not compel adoption of the Department's interpretation of the Act.

We reverse the trial court's decision affirming the decision of the Board. We remand this matter for a recalculation, in a manner consistent with this opinion, of the benefits under the Act to which Sebastian is entitled.

Cox and APPELWICK, JJ., concur.

Review granted at 139 Wn.2d 1008 (1999).