[No. 20994.    Department One.    March 20, 1928.]

EDWARD O. LUKE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1] MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION— CLASSIFICATION OF INJURY—EVIDENCE. Under Rem. Comp. Stat., § 7679, subd. h, the department of labor and industry is warranted in reclassifying an injured workman from temporary total disability to permanent partial disability, where it appears that conditions have changed since the prior finding.

Appeal from a judgment of the superior court for Whatcom county, Brown, J., entered May 20, 1927, upon findings in favor of the plaintiff, reversing an order of the department of labor and industries classifying a claim for compensation, after a hearing on the merits before the court. Reversed.

*The Attorney General* and *Mark H. Wight, Assistant*, for appellant.

*Kenneth Durham*, for respondent.

TOLMAN, J.—Respondent, a longshoreman by occupation, suffered an accidental injury in February, 1924. He made claim for compensation under the workmen's compensation act, and was classified as

¹Reported in 265 Pac. 176.

having a temporary total disability. Under this classification, he received compensation at the rate of $85 per month until October 4, 1926. On November 8, 1926, the department terminated the temporary total disability classification as of October 4 preceding, and then classified the respondent as having a permanent partial disability equal to 33 1-3 degrees, and thereafter tendered compensation accordingly. Respondent appealed to the superior court from the order of reclassification, claiming that he should have been continued under the classification first given him. The case was tried to the court, resulting in a judgment reversing the department and remanding the case with directions to restore the classification of temporary total disability. The department has appealed from that judgment.

[1] The question here presented is one of fact, and of such a nature as to make it determinable almost wholly by medical testimony. The department's witnesses were in complete accord in the opinion that the classification as a permanent partial disability was correct, because respondent's condition had remained the same, or no worse, for a considerable period of time, that it would not grow worse, and that the only possible change was that there would, or might, be improvement with time. Respondent's own testimony and that of his non-medical witnesses practically admitted this situation, but attempted to meet it by saying that respondent was not able to resume his former occupation or work constantly at any kind of labor, and while he had sought light employment, he had found none. His medical witness testified, in part, as follows:

"Q. In other words, it would be your opinion that he could do work where it was not necessary for him to perform violent physical exercise, such as he would

do as a stevedore? A. Where it would not be necessary for him to bend his back too much. He could not call upon the straining of those several joints at the back. Q. In other words, he could act as a flag man at railroad crossings? A. Yes. Q. He could act as a clerk in a store? A. I should think so. Q. And he could be a night watchman? A. Yes. Q. As indicated here, or an elevator operator? A. Yes, I would think so. It just depends upon how much functioning of the back would be called upon. Q. Then as a matter of fact, Doctor, if he could get the proper employment he could engage in a gainful occupation? A. Yes.

.     .     .     .     .     .     .     .     .

"Q. In other words, on October 1, 1925, you found that this claimant's condition was equivalent to a permanent partial disability of 50%? A. Yes. Q. And it was at that time then your opinion that this claimant would not get worse—that that would be the maximum? A. No, I didn't think that that would be worse. Q. You felt, if anything, as you have said on direct examination, that eventually he might be able to do all kinds of work, perhaps? A. He may, yes. Q. It is more or less speculative? A. Yes. Q. But you don't think that he will get any worse from now on? A. I don't think so. Q. From that accident? A. I don't think so.

.     .     .     .     .     .     .     .     .

"A. As far as the ankylosis is concerned, it would be better for him to be quiet. There is always the element of the general physical condition to be considered in relation with this, and whether or not a certain amount of light exercises—the question as to whether that would be wise or not is a question that I cannot answer. But as to the ankylosis alone, of course that must be left to nature. The quieter the joints are, why the sooner the process will be completed.

.     .     .     .     .     .     .     .     .

"Q. Now, Doctor, we have kind of hemmed and hawed here about this fixed condition. You said on direct examination or on your first cross-examination that in your opinion the condition was fixed as of that date, of October 1st. Then when counsel took you

again you said that you felt that it was not fixed. Let me understand if I get you. That in your opinion on October 1st the condition was fixed so far as getting worse was concerned, but it was not fixed so far as possible relief was concerned? A. That was my meaning.''

Here we have a complete agreement with the evidence of the department upon a theory which we think is binding upon the courts. We are not here concerned with the degree of permanent partial disability—that is not now in issue—but simply with the question of whether the extent of the disability having become fixed, so far as growing worse is concerned, a change to a permanent disability classification is proper. Subdivision h of § 7679, Rem. Comp. Stat., [P. C. § 3472], clearly provides for re-classification upon changed conditions being made known, and necessarily what may in the beginning be a total temporary disability may eventuate into a permanent disability, either total or partial.

We see no escape from a holding upon the undisputed facts that the disability had become fixed and that the department was accordingly justified in reclassifying.

Nothing herein said should be taken as an expression of our opinion as to whether or not the degree of partial disability was correctly fixed by the department.

The judgment is reversed.

MACKINTOSH, C. J., MITCHELL, and PARKER, JJ., concur.