[No. 27606. Department Two. December 12, 1939.]

LEONARD HICKS, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for appellant.

*Vanderveer & Bassett,* for respondent.

[1]Reported in 97 P. (2d) 111.

BLAKE, C. J.—On May 15, 1936, plaintiff, while engaged in extrahazardous employment, sustained injuries which resulted in his permanent total disability. He was classified by the department of labor and industries as permanently and totally disabled and placed upon the pension rolls as of March 15, 1937. After drawing his pension for several months, he persuaded the department to convert his reserve into a lump sum payment of $1,400 upon the pretext that he was leaving the state to take up his residence in Illinois. The settlement was ostensibly made under authority of Rem. Rev. Stat., § 7679 [P. C. § 3472] (j), which provides:

"If a beneficiary shall reside or remove out of the state the department may, in its discretion, convert any monthly payments provided for such case into a lump sum payment (not in any case to exceed the value of the annuity then remaining, to be fixed and certified by the state insurance commissioner, but in no case to exceed the sum of four thousand dollars ($4,000.00)."

At the time of settlement, the value of plaintiff's annuity, according to the computation of the state insurance commissioner, was $6,288.75.

Within a few months, plaintiff was back in the state demanding further compensation. The department, taking the position that the settlement was valid and final under Rem. Rev. Stat., § 7679 (j), denied relief. Plaintiff appealed to the superior court, which held the settlement void. Judgment was entered in favor of plaintiff in accordance with the holding of this court in *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505. The department appeals.

It is the contention of the department that, under Rem. Rev. Stat., § 7679 (j), monthly payments due the pensioner may be converted into a lump sum payment in any amount less than four thousand dol-

lars, even though the cash value of his annuity is more than four thousand dollars. We think, however, that, when read in the light of other provisions of Rem. Rev. Stat., § 7679 [P. C. § 3472], and in connection with Rem. Rev. Stat., § 7681 [P. C. § 3475], it is apparent that subd. (j) has no application to pensioners who are permanently and totally disabled. It is unnecessary to discuss here to what cases Rem. Rev. Stat., § 7679 (j), may be applicable. It will suffice to observe that, under other provisions of Rem. Rev. Stat., § 7679 (notably subd. (d) (4)), it is obvious cases may arise to which subd. (j) might be applicable. But, clearly, in the light of Rem. Rev. Stat., § 7681, it is not applicable to cases of permanent total disability. The latter section provides:

"In case of death or *permanent total disability* the monthly payment provided may be converted, in whole or in part, into a lump sum payment (not in any case to exceed four thousand dollars ($4,000.00), equal or proportionate as the case may be to the value of the annuity then remaining, to be fixed and certified by the state insurance commissioner, in which event the monthly payment shall cease in whole or in part accordingly or proportionately. . . . Within the rule aforesaid the amount and value of the lump sum payment may be agreed upon between the department and the beneficiary. . . ."

In our opinion, this section affords an exclusive formula for the conversion of monthly payments to a lump sum payment in cases of permanent total disability. The fact that a totally disabled pensioner may remove from the state cannot be held to remove him from the protection accorded him by that section. Under the express terms of the act, he cannot barter away his rights. Rem. Rev. Stat., § 7685 [P. C. § 3479], provides:

"No . . . workman shall . . . waive the benefits of this act by any contract, agreement, rule

or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void."

Construing Rem. Rev. Stat., § 7681, we have held that, in cases of death or permanent total disability, when the value of the annuity is in excess of four thousand dollars, an agreement to settle for an amount less than four thousand dollars is void. *Booth v. Department of Labor & Industries, supra; Hagen v. Department of Labor & Industries,* 193 Wash. 555, 76 P. (2d) 592; *Horton v. Department of Labor & Industries,* 199 Wash. 212, 90 P. (2d) 1009.

Since the value of respondent's annuity was in excess of four thousand dollars, his agreement to settle for an amount less than that was void. He is entitled to the relief granted by the trial court.

Judgment affirmed.

JEFFERS, BEALS, STEINERT, and GERAGHTY, JJ., concur.