PYBUS STEEL COMPANY, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant,* JAMES W. WYATT, *Respondent.*

*Norman W. Cohen* (of *Bovy, Graham, Cohen & Wampold*) and *Slade Gorton, Attorney General,* and *Gerald L. Casey* and *Virginia O. Binns, Assistants,* for appellants.

*Robert H. Thompson* (of *Walthew, Warner, Keefe, Arron, Costello & Thompson*), for respondent.

GREEN, C.J.—Claimant, James W. Wyatt, while in the employ of Pybus Steel Company was struck on the head by a sheave block from a crane. On February 2, 1968, a claim was filed with and accepted by the department, treatment provided, and on May 18, 1970, the claim was closed by

order granting an award for permanent, partial disability equal to 10 percent of the maximum allowable for unspecified disabilities. The Board of Industrial Insurance Appeals reversed the department's order by increasing the award to 80 percent. Pybus, joined by the department, appealed to the Superior Court and obtained a jury verdict reinstating the original award of 10 percent. The court granted judgment n.o.v. or, in the alternative, a new trial. Pybus and the department appeal.

The claimant testified that after his injury he suffered from recurring headaches that interfered with his ability to work. In preparation for the departmental hearing, Dr. Rankin, a neurologist and a treating physician for a year and a half, examined claimant for the purpose of evaluating his disability. Dr. Rankin testified that in his opinion claimant was permanently, partially disabled as a result of the injury in the amount of 10 percent of the maximum allowable for unspecified disabilities. On the other hand, claimant's expert, Dr. J. Harold Brown, a general practitioner who examined him only for purposes of the departmental hearing, rendered an opinion that claimant was entitled to a permanent, partial disability award equal to 75 to 85 percent of the maximum allowable for unspecified disabilities.

In granting the judgment n.o.v., the trial court ruled that Dr. Rankin's testimony should have been stricken and not considered by the jury because it was speculative and of no probative value. Viewing the record in that light, it left only Dr. Brown's testimony which would support the board's determination of 80 percent.

The question presented to this court is whether the trial judge correctly ruled that Dr. Rankin's testimony was improperly considered by the jury.

First, Pybus and the department contend that the trial court erred in concluding that Dr. Rankin's testimony was without probative value. We agree. The portion of Dr. Rankin's testimony pertinent to the trial court's determination was:

Q And your opinion as to his disability rating of ten percent is based upon your opinion that there is going to be continued improvement in the future, then?

A Yes, it is.

Claimant argues that Dr. Rankin's rating was based upon an assumption of continued improvement and not a "fixed" condition. The department had determined on May 18, 1970, the time of closure, that claimant's condition was "fixed" and, therefore, Dr. Rankin's disability rating based on continued improvement is of no probative value.[1] To the contrary, Pybus and the department contend that Dr. Rankin in effect based his opinion upon a "fixed" condition because "there is no treatment, no medical treatment that will predictably alter his course."[2] In essence, Dr. Brown reached a similar conclusion when he said, "I am sure that Dr. Rankin has utilized every conceivable means of treatment in this case and so that his release of this patient and discontinuance of treatment would indicate to me, of course, that his condition is 'fixed.'" Neither physician contemplated further medical treatment and each characterized claimant's disability as permanent, differing only in the percentage of the award to be made.

The condition of an injured workman must be fixed before a rating of permanent, partial disability can be given. *Miller v. Department of Labor & Indus.*, 200 Wash. 674, 680, 94 P.2d 764 (1939); *Franks v. Department of*

---

[1] *Hyde v. Department of Labor & Indus.*, 46 Wn.2d 31, 34, 278 P.2d 390 (1955):

"We have held in aggravation cases, and also in appeals from orders closing claims with a lesser award than that sought by a claimant, that the issue is the correctness of the order of the supervisor of industrial insurance *on the date it was issued.*"

[2] Dr. Rankin testified:

"That his headaches will improve for the next year and a half. When I testified to this, I stated that I had treated him for a year and a half, during which improvement had continued and that I would expect that improvement to continue during the next year and a half. It will also continue beyond that point. There is no treatment, no medical treatment, that will predictably alter his course. The improvement which I project will occur in the absence of any medical treatment."

*Labor & Indus.*, 35 Wn.2d 763, 215 P.2d 416 (1950); *State ex rel. Stone v. Olinger*, 6 Wn.2d 643, 108 P.2d 630 (1940). The term "fixed" is not in the statutory definition of permanent, partial disability (RCW 51.08.150), but is a judicially imposed condition.

In *Luke v. Department of Labor & Indus.*, 147 Wash. 149, 151-52, 265 P. 176 (1928), the claimant's medical witness testified:

"Q. Now, Doctor, we have kind of hemmed and hawed here about this fixed condition. You said on direct examination or on your first cross-examination that in your opinion the condition was fixed as of that date, of October 1st. Then when counsel took you again you said that you felt that it was not fixed. Let me understand if I get you. That in your opinion on October 1st the condition was fixed so far as getting worse was concerned, but it was not fixed so far as possible relief was concerned? A. That was my meaning."

In that case, all of the medical testimony was that claimant had a permanent, partial disability and his condition would not grow worse, but possibly improve with time. The court held that the claimant's condition was "fixed." *See Miller v. Department of Labor & Indus., supra; Wilson v. Department of Labor & Indus.*, 6 Wn. App. 902, 496 P.2d 551 (1972).

Thus, the term "fixed" does not mean "static." It is clear that where a claimant's condition is deteriorating or further medical treatment is contemplated, the condition is not "fixed" and the claim remains open so that treatment can be provided. However, if a claimant's condition has stabilized to the point where no further medical treatment is required, the condition is "fixed" for purposes of closing the claim and determining the disability award. This interpretation aids the purpose of the act to provide prompt and certain relief for the injured workman. RCW 51.04.010. Therefore, Dr. Rankin's opinion that the claimant's condition would, by its very nature, improve without medical treatment does not destroy its probative value and the court erred in striking it.

■ Second, it is contended the trial court erred in granting judgment n.o.v. upon the ground that Dr. Rankin's rating of claimant's disability was "speculative" in nature and of no probative value. We agree. This ruling was based upon the following testimony:

Q Doctor, what would your disability evaluation of Mr. Wyatt be if you had the opinion that his condition would not improve after April 1970?

A Speculative.

Dr. Rankin's comment must be considered in light of his explanation:

You see, I can't interject this foreign appraisal into my evaluation, because my entire evaluation was based on the assumption that this is a post-concussion headache, which is necessarily going to have to improve. If it doesn't improve, it's not a post-concussion headache, and all of my hypotheses could be erroneous, and this would change substantially. I just can't speculate as to what his severity might be if his condition were different than this.

We find no logical basis for the conclusion that Dr. Rankin's disability evaluation, based upon the diagnosis he did make, is rendered speculative by his answer to a hypothetical question based upon a diagnosis he did not make.

■ Finally, at the outset of argument counsel for the claimant orally moved for dismissal of this appeal. It was argued that the department had no standing to prosecute the appeal because counsel for Pybus was not present and the department has no right of appeal. We disagree. In *Aloha Lumber Corp. v. Department of Labor & Indus.*, 77 Wn.2d 763, 775-76, 466 P.2d 151 (1970), our Supreme Court noted:

[T]he legislature was undoubtedly aware that there would be cases in which the board would find in favor of the claimant, reversing the department, and the employer would be the aggrieved party. If it had wished to end the department's participation in the proceedings at that point, presumably it would have included a provision to that effect in RCW 51.52.110. Instead it expressly made the department a party to appeals to the superior

court by a "workman, beneficiary, employer, or other person aggrieved" by an order of the board. We can only conclude that it was the legislative policy to allow the department to defend its position upon such an appeal, even though it may not have been authorized to institute the appeal itself.

As in *Aloha Lumber Corp.*, Pybus initiated the appeal by filing its notice on March 26, 1973, and the department, on March 29, 1973, filed its notice of joining in the appeal. Furthermore, counsel for Pybus actively participated in the appeal to Superior Court, his name appears on appellant's brief filed in this court, and by letter he informed this court that although he would not appear for oral argument Pybus was not abandoning its position. Motion denied.

Reversed, with directions to reinstate the verdict of the jury.

MUNSON and McINTURFF, JJ., concur.