[No. 24587-6-II.  Division Two.  June 16, 2000.]

RONALD SOLVEN, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Christine O. Gregoire, Attorney General*, and *M. Catherine* Walsh, *Assistant*, for appellant.

*David B. Vail* and *Jennifer M. Cross-Euteneier* (of *Law Offices of David B. Vail & Associates*), for respondent.

SEINFELD, J. — The Department of Labor and Industries appeals from a summary judgment in favor of Ronald Solven. It claims that res judicata principles bar Solven's claim for additional disability benefits because he failed to appeal an earlier closing order. It also argues that the earlier order, which was based upon an agreed medical exam, was valid and did not violate the prohibition in RCW 51.04.060 against employer/worker agreements to waive Industrial Insurance Act benefits. We agree with the Department and, thus, reverse and remand.

## FACTS

In 1981, Solven suffered an industrial injury. With the aid of counsel, he filed a claim with the Department and later agreed to abide by the results of medical examinations by Roy Broman, M.D. and Myron Kass, M.D. The Kass report stated that Solven's psychiatric condition was "still extremely fragile and he still has need of ongoing treatment which he intends to do on his own, and, therefore, it is

recommended his case remain closed at this time from a State standpoint from the psychiatric examination."

Based upon those examinations, the Department issued a closing order granting Solven permanent partial disability benefits. The order required Solven to make any appeal within 60 days from the date of the order. Solven did not appeal the 1984 order.

In 1994, Solven filed an application to reopen his claim for aggravation of condition. The Department denied the application. Solven appealed.

An industrial appeals judge (IAJ) entered a proposed decision and order, ruling that because more than seven years had passed since the closure of Solven's 1984 claim, he was not eligible for additional benefits, but because his condition was aggravated, he was eligible for further treatment. The Board of Industrial Insurance Appeals (Board) subsequently denied Solven's petition for review of the IAJ's decision. And it also denied Solven's motion to admit the May 1984 report of the late Dr. Kass, reasoning that the report was inadmissible hearsay.

Solven then appealed to superior court where both parties moved for summary judgment. The superior court granted summary judgment to Solven, relying on Dr. Kass's report. The superior court reasoned, in part, that the 1984 closing order was void and, thus, the Board could not reject Solven's 1994 claim.

The Department appeals, challenging the superior court's conclusion that the 1984 order was void and challenging its consideration of Dr. Kass's report.[1]

FAILURE TO APPEAL DEPARTMENT ORDER

The central issue is whether Solven's failure to timely appeal the 1984 closing order barred his 1994 claim for an

---

[1] The Department assigns error to a number of the superior court's findings and conclusions. But on review of a summary judgment order, this court may disregard such findings as superfluous. *Concerned Coupeville Citizens v. Town of Coupeville*, 62 Wn. App. 408, 413, 814 P.2d 243 (1991); *Donald v. City of Vancouver*, 43 Wn. App. 880, 883, 719 P.2d 966 (1986).

aggravated condition. Solven argues, and the superior court agreed, that the 1984 closing order was void under RCW 51.04.060 and, thus, the statutory time limits did not apply.

■■ In reviewing a summary judgment order, we engage in the same inquiry as did the superior court. *Romo v. Department of Labor & Indus.*, 92 Wn. App. 348, 353, 962 P.2d 844 (1998); RAP 9.12. Accordingly, we conduct a de novo review "based solely on the evidence and testimony presented to the Board." *Romo*, 92 Wn. App. at 353 (citing RCW 51.52.115); *Johnson v. Weyerhaeuser Co.*, 134 Wn.2d 795, 800 n.4, 953 P.2d 800 (1998); *McClelland v. ITT Rayonier, Inc.*, 65 Wn. App. 386, 390, 828 P.2d 1138 (1992)). We view the Board's findings as prima facie correct but recognize that if the superior court finds from a fair preponderance of credible evidence that the Board's findings and decision are incorrect, it may substitute its own findings and decision. *Romo*, 92 Wn. App. at 353.

"Summary judgment is appropriate 'if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' " *Romo*, 92 Wn. App. at 353-54 (quoting CR 56(c)). "The burden is on the party seeking summary judgment to establish its right to judgment as a matter of law, and the court must consider facts and reasonable inferences from the facts in favor of the nonmoving party." *Romo*, 92 Wn. App. at 354.

■ The Industrial Insurance Act (Act) provides that an aggrieved worker must file an appeal within 60 days after issuance of a Department action or final order. RCW 51.52.050, .060(1)(a). Solven failed to do so. Thus, absent lack of jurisdiction, fraud, misconduct on the part of the Department, or Solven's incompetence, the Department's decision is final and binding. *Kingery v. Department of Labor & Indus.*, 132 Wn.2d 162, 169, 937 P.2d 565 (1997) ("An unappealed [L & I] order is res judicata as to the issues encompassed within the terms of the order, absent fraud in the entry of the order[.]"); *Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 543, 886 P.2d 189 (1994) (holding that appellant's failure to appeal final Department order

"transformed the order into a final adjudication, valid and binding on [appellant]").

## A. Applicability of RCW 51.04.060

Solven contends that the settlement leading to the 1984 closing order was equivalent to bartering away his benefits, in violation of RCW 51.04.060. The only information we have about the settlement is that Solven agreed to resolve his protest of a proposed closing order by an "agreed exam" by two medical examiners. The State argues that the statute does not apply to the settlement.

RCW 51.04.060 states:

> No employer or worker shall exempt himself or herself from the burden or waive the benefits of this title by any contract, agreement, rule or regulation, and any such contract, agreement, rule or regulation shall be pro tanto void.

*See Lunday v. Dept. of Labor & Indus.*, 200 Wash. 620, 623, 94 P.2d 744 (1939) (quoting REM. REV. STAT. § 7685 (1931), substantively identical predecessor to RCW 51.04.060); see also *State ex rel. Davis-Smith Co. v. Clausen*, 65 Wash. 156, 173, 117 P. 1101 (1911) (paraphrasing section 11 of the Workmen's Compensation Act, § 7685 as originally enacted). This statute addresses the potential imbalance of power between employers and employees described by the *Clausen* court:

> Theoretically, of course, the employer and employee, on entering into a contract by which the one engages the services of the other, stand on the same plane; but in practice, as it is well known, this ideal condition very seldom exists. Greed and sagacity on the one side, and necessity and incapacity on the other, sometime lead to contracts that create conditions little short of peonage; and our own reports abound with instances where men have been induced to work in situations so dangerous to life and limb that the wonder is not that some of them were injured, but rather, that any of them escaped injury. Indeed, it is a common thing for an employer, in defense of an action of damages brought by his employee for injury received in such a situation, to urge that the dangers of the place were

so obvious and apparent that the employee was guilty of contributory negligence for working therein. These conditions, we think, authorize the interference of the legislature. The grounds upon which the employer may be held to contribute to a fund for the relief of all injuries sustained by his employees whatever the cause, we have already stated. The obligation of the employee to accept the conditions of the statute can rest on like grounds: namely, the welfare of the state. The relation being one of contract between employer and employee, the state may make it a condition of the contract that the employee shall accept a fixed sum for any injury he may receive while engaged in the employment, whether the injury be the result of the inherent dangers of the employment or the result of some fault of his employer.

65 Wash. at 208-09.

██ Absent ambiguity, this court ascertains the meaning of statutes from their language alone. *State v. Azpitarte*, 140 Wn.2d 138, 142, 995 P.2d 31 (2000); *Washington State Coalition for the Homeless v. Department of Social & Health Servs.*, 133 Wn.2d 894, 904, 949 P.2d 1291 (1997). We strive to harmonize all provisions of an act in relation to each other. *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996).

██ A plain reading of RCW 51.04.060 indicates that an employee may not contract with the employer to forgo entitlement to benefits under the Act. *See, e.g., Morgan v. Johnson*, 137 Wn.2d 887, 891-92, 976 P.2d 619 (1999) (absent ambiguity, reviewing court derives Legislature's intent from language of statute alone). But Solven has not shown that resolution of a claim by an agreed exam constitutes a contract to waive benefits. The agreement merely stipulates to a method of finding facts; it does not prevent the employee from demanding all compensation to which he is entitled. And if the employee believes the Department's order does not provide proper compensation, the employee must file a timely appeal to the Board. RCW 51.52.050, .060(1)(a); *Kingery*, 132 Wn.2d at 170.

██ Here, Solven contends that Dr. Kass's report indi-

cated that his condition was not fixed. Thus, he complains it was error to close his claim. *See, e.g., Pybus Steel v. Department of Labor & Indus.*, 12 Wn. App. 436, 438, 530 P.2d 350 (1975) (condition of claimant must be "fixed" before Department can give permanent partial disability rating). But even assuming that the Department did err in closing the claim, an erroneous decision is not a void decision. *Kingery*, 132 Wn.2d at 170; *Marley*, 125 Wn.2d at 542-43. If unappealed, it still operates as a bar to further claims for benefits. As Solven chose not to appeal the 1984 order, it must stand.

Nor are we persuaded by Solven's citation to *Hicks v. Department of Labor & Industries*, 1 Wn.2d 686, 97 P.2d 111 (1939) and *Booth v. Department of Labor & Industries*, 189 Wash. 201, 64 P.2d 505 (1937). The *Hicks* court, relying on REM. REV. STAT. § 7685, and *Booth*, held that a worker's agreement with the Department to receive benefits less than that authorized by the Act was void. *Hicks*, 1 Wn.2d at 688-89. The *Booth* court, without citation to section 7685, held that a similar agreement limiting benefits was void and thus the claimant need not comply with the statute of limitations for filing an appeal. 189 Wash. at 210.

But the Supreme Court later overruled *Booth* and the cases that followed it in recognition of "the danger of declaring a department order void simply because the Department committed a legal error." *Marley*, 125 Wn.2d at 542. "An order from the Department is void only when the Department lacks personal or subject matter jurisdiction." *Marley*, 125 Wn.2d at 542.

Nor was the timing of the claimant's appeal at issue in *Hicks*. 1 Wn.2d at 687. Consequently, *Hicks* does not hold that RCW 51.04.060 relieves a claimant from the need to comply with the time limits for raising an appeal.

And Solven did not agree to receive less in benefits than the amount to which he was entitled. Rather, he agreed to resolve his claim by a method that may have led to an incorrect conclusion. Accordingly, *Hicks* is neither a control-

ling nor a persuasive authority for applying RCW 51.04.060 here.[2]

Nor has Solven shown that the Department lacked personal or subject matter jurisdiction or that the closing order was the product of fraud. *See Marley*, 125 Wn.2d at 542-43; *Abraham v. Department of Labor & Indus.*, 178 Wash. 160, 163-64, 34 P.2d 457 (1934). And he has not asserted facts justifying an equitable relaxation of the 60-day limit for filing an appeal. *See Kingery*, 132 Wn.2d at 173-74 (noting that either claimant's incompetence or misconduct on part of Department will justify equitable relief from 60-day requirement). Thus, Solven has not shown that the Department's closing order was void.

In summary, we conclude that a claimant can agree with the Department to abide by a medical examination by specified doctors without violating RCW 51.04.060.

## B. Admissibility of Kass Report

Relying on the late Dr. Kass's report, Solven argues that the Department closed Solven's claim prematurely in 1984. *Pybus Steel*, 12 Wn. App. at 438. The Department argues that the Kass report is inadmissible hearsay.

As we discussed above, Solven cannot circumvent his failure to appeal the 1984 closing order and his untimely application for an aggravated condition designation by relying on RCW 51.04.060. *See Kingery*, 132 Wn.2d at 172 (claimant could not "evade" responsibility to appeal Department decision). Because Solven failed to appeal the 1984 order within the time limits set forth in RCW 51.52.050 and .060, he is limited to applying for the "proper and necessary medical and surgical services" for which there is no time

---

[2] The only citation to *Hicks* that we find was in Judge Roe's dissent in *Fairly v. Department of Labor & Industries*, 29 Wn. App. 477, 485, 627 P.2d 961 (1981). *Fairly*, which relied on *Booth*, 29 Wn. App. at 479-80, was specifically overruled by the *Marley* court, 125 Wn.2d at 541.

198

limit. RCW 51.32.160;[3] *Walmer v. Department of Labor*, 78 Wn. App. 162, 167 n.3, 896 P.2d 95 (1995). Thus, the Kass report's admissibility is not relevant to the resolution of this appeal.

We conclude that the trial court erred in granting summary judgment for Solven and in denying the Department's motion for summary judgment. Accordingly, we reverse and remand the matter to the Department for further proceedings consistent with the Board's proposed order and decision, which allows the reopening of Solven's claim for the limited purpose of determining his entitlement to additional medical services. RCW 51.32.160.

ARMSTRONG, C.J., and MORGAN, J., concur.

Review denied at 142 Wn.2d 1012 (2000).

---

[3] RCW 51.32.160 states in pertinent part:

(1)(a) If aggravation, diminution, or termination of disability takes place, the director, may, upon the application of the beneficiary, made within seven years from the date the first closing order becomes final, or at any time upon his or her own motion, readjust the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: PROVIDED, That the director may, upon application of the worker made at any time, provide proper and necessary medical and surgical services as authorized under RCW 51.36.010.

(Amended by LAWS OF 1995, ch. 253, § 2, adding subsection designations.)