IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL W. ALDRIDGE, | ) | |
| | ) | No. 40637-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | UNPUBLISHED OPINION |
| INDUSTRIES, STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — In 2000, Michael Aldridge sustained an industrial injury that was accepted by the Department of Labor & Industries (Department). The Department notified Mr. Aldridge in 2022 that the claim would be closed if he was no longer receiving treatment. The Department later issued an order closing the claim. Mr. Aldridge appealed the order to the Board of Industrial Appeals (Board). The Board affirmed the Department's order. Mr. Aldridge then petitioned for review with the

superior court. The superior court dismissed Mr. Aldridge's petition on the Department's motion for summary judgment.

Mr. Aldridge appeals the superior court's order, arguing: (1) the court erred in granting the Department's motion for summary judgment; (2) the Department's order closing his claim is fraudulent; (3) the Board's denial of his motions for subpoenas and fraudulent decision violated his right to due process; (4) the Board lacked jurisdiction; (5) the Board erred by not appointing a judge pro tempore; (6) the superior court failed to conduct a de novo review; and (7) the Board violated its own procedural rules. We affirm the superior court's order on summary judgment and decline review of Mr. Aldridge's remaining arguments.

## BACKGROUND

Mr. Aldridge sustained an industrial injury on October 14, 2000, that was later accepted by the Department. On December 2, 2019, Mr. Aldridge's former treating chiropractor, Steven Wilson, DC, sent a letter to the Department stating:

> I am sorry you think my chart notes do not meet the departments reporting requirements; I disagree. It is this kind of harassment that makes treating L&I workers difficult and intolerable.
>
> I have never been told that I was not going to be paid for a narrative report from an insurance company after they demanded one, therefore, I will not be sending you a narrative report. This is criminal and I will not comply with criminal activity. I will in the future think twice about treating injured workers. I question your ethics.

2

> Mr. Aldridge still has complete, chronic numbness down his entire left leg. He has not reached [maximum medical improvement]. He has received much pain relief from low back pain at our clinic and increased lumbar range of motion. I will not be providing technical/further information unless you and the department pay me for my time and effort. Mr. Aldridge will be seeing a medical provider for future care. He has ceased care at our clinic. Please do not harass me again about this claimant.!

Clerk's Papers at 79. Mr. Aldridge received no further treatment after December 2, 2019.

The Department notified Mr. Aldridge on May 10, 2022, that it lacked verification that he was receiving treatment and that his "claim is not able to remain open if [he is] not actively treating with a provider." Administrative Record (AR) at 366. On November 17, 2022, the Department issued an order closing Mr. Aldridge's claim. The order stated, in part, "[t]he medical records show treatment is no longer necessary and there is no additional permanent partial disability." AR at 1923. Mr. Aldridge appealed the Department's order to the Board.

The Board granted Mr. Aldridge's appeal and assigned it to an industrial appeal judge (IAJ). Mr. Aldridge acknowledged during a June 6, 2023, hearing with the IAJ that the "only issue in this matter is whether or not the industrial injury required necessary and proper medical treatment as of November 17th, 2022." AR at 1935. On the same day, the IAJ sent Mr. Aldridge a letter stating, in part, "[i]f you believe you need further treatment, you must have a medical witness testify that the recommended treatment will improve your condition related to your industrial injury or occupational disease." AR at 1839.

No. 40637-7-III
*Aldridge v. Dep't of Lab. & Indus.*

On August 31, 2023, two weeks before Mr. Aldridge's hearing, the IAJ sent Mr. Aldridge a letter stating, "[i]f I do not receive a letter from you identifying and confirming a medical witness will testify at your hearing by September 8, 2023, I will cancel all of your hearing time except one hour on September 13, 2023, at 9:00 a.m., by telephone to hear just your testimony." AR at 1240. During a telephone conference on September 6, Mr. Aldridge claimed he had not received the letter dated August 31. Based on Mr. Aldridge's representation, the IAJ extended the deadline to "allow [Mr. Aldridge] time to be able to get that witness named." AR at 2004. The IAJ reiterated to Mr. Aldridge, "certainly, you understand now, I've made it clear, that you do need to name your medical witness." AR at 2003. Following the telephone conference, the IAJ mailed Mr. Aldridge a letter stating, in part:

> [Y]ou said you had not received my August 31, 2023 letter reminding you of the need for your medical witness. As I said in the telephone conference, that letter noted that you had not confirmed any medical witnesses for the hearing scheduled on September 13, 2023. And, that if I did not receive your medical witness confirmation by September 8, 2023, I would cancel your hearing time. In light of your representation that you have not received the August 31, 2023 letter, I have extended your medical witness confirmation disclosure to September 15, 2023.

AR at 1210.

A hearing was held before the IAJ on October 13, 2023. During the hearing, the IAJ questioned Mr. Aldridge about medical treatment he may have been receiving:

> [IAJ:] Okay. And so, Mr. Aldridge, leading up to—it looks like the Department closed your claim on November 17th of 2022. What, if any,

4

treatment were you having at the time period—let's say the six months leading up to November 17 of 2022?

[Mr. Aldridge:] None.

AR at 116. Rather than presenting expert medical testimony, Mr. Aldridge only called himself as a witness and claimed, "[t]here's no medical record that shows treatment is no longer necessary and there is no additional permanent partial disability." AR at 2024. Mr. Aldridge acknowledged that he could call Dr. Wilson as a witness if they got to the point "where medical testimony would be necessary." AR at 2033.

In a written order dated November 17, 2023, the IAJ found Mr. Aldridge had failed to make a prima facie showing that he was entitled to further proper and necessary medical treatment or an award for permanent partial disability as of November 17, 2022, and dismissed the appeal. Mr. Aldridge petitioned for review to the Board. The Board adopted the IAJ's "Proposed Decision and Order." AR at 1. Mr. Aldridge then filed a petition for review with the superior court. Thereafter, the Department moved for summary judgment dismissal of the petition. The superior court granted the Department's motion and denied a subsequent motion for reconsideration filed by Mr. Aldridge.

Mr. Aldridge timely appeals.

ANALYSIS

As a preliminary matter, Mr. Aldridge argues on appeal that (1) the Department's closure of his claim is fraudulent, (2) the Board's denial of his motions and fraudulent

order violated his right to due process, (3) the Board lacked jurisdiction, (4) the Board erred by not appointing a judge pro tempore, (5) the superior court failed to conduct a de novo review, and (6) the Board violated its own procedural rules. We decline review of Mr. Aldridge's peripheral arguments as the only issue before this court is an appeal of the superior court's order on summary judgment.

Turning to the issue properly before this court, Mr. Aldridge argues the superior court erred in granting summary judgment dismissal of his petition for review because the Department's order closing his claim was unlawful. The Department responds that Mr. Aldridge failed to make a prima facie showing that he was in need of continued proper and necessary medical treatment or that he had a permanent partial disability as of November 2022. We agree with the Department.

Under the Industrial Insurance Act of 1911, Title 51 RCW, appeals of the superior court's decisions are reviewed under the ordinary standards of civil review. RCW 51.52.140. When a party appeals a Board's decision to the superior court, and the superior court grants summary judgment affirming the Board's decision, this court's inquiry is the same as that of the superior court. *Bennerstrom v. Dep't of Lab. & Indus.*, 120 Wn. App. 853, 858, 86 P.3d 826 (2004). Thus, we review a superior court's order on summary judgment de novo based solely on the evidence and testimony presented to the Board. *Id.*

Summary judgment is only appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015); CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

In deciding a motion for summary judgment, the evidence is considered in a light most favorable to the nonmoving party. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985). A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

Injured workers have the right to apply for compensation benefits. RCW 51.28.010. Once the Department accepts a worker's claim, the worker is entitled to necessary and proper medical treatment for conditions the injury caused. RCW 51.36.010(2)(a). When all the proper and necessary medical treatment has been provided and the worker has reached maximum medical improvement, meaning their condition is "fixed" and "stable," the Department ceases paying for the worker's treatment. WAC 296-20-01002 ("Proper and necessary"). A report stating the date of stabilization should be submitted to the Department once the worker's condition is stabilized and treatment is no longer required. *Id*. ("Termination of Treatment"). Such a report is necessary to initiate the closure of the claim. *Id*. The Department further considers whether there is a permanent disability after the worker's condition becomes fixed. RCW 51.32.055(1). Therefore, when the worker's condition is stabilized and no further medical treatment is required, then the condition is "fixed," the claim can be closed, and the disability award can be determined. *Pybus Steel Co. v. Dep't of Lab. & Indus.*, 12 Wn. App. 436, 439, 530 P.2d 350 (1975).

A worker may appeal the Department's decision to close their claim to the Board. RCW 51.52.050(2)(a). Any person aggrieved by the Board's decision may appeal to the superior court. RCW 51.52.050(2)(c). A worker appealing a decision of the Department "shall have the burden of proceeding with the evidence to establish a prima facie case for the relief sought in such appeal." RCW 51.52.050(2)(a).

Here, Mr. Aldridge had the burden of presenting expert medical testimony sufficient to establish he was in need of continued proper and necessary medical treatment or that he had a permanent partial disability. RCW 51.52.050(2)(a); RCW 51.36.010; RCW 51.32.055(1); WAC 296-20-01002. Instead of attempting to meet this burden, Mr. Aldridge argued the Department's order closing his claim was unlawful and fraudulent because it was not based on medical evidence. Mr. Aldridge requests this matter be remanded to the Board to address his claim of fraud. The Department responds that summary judgment dismissal of Mr. Aldridge's petition was proper because he failed to make a prima facie showing that he was in need of continued proper and necessary medical treatment as of November 2022. We agree with the Department.

At the hearing before the Board, Mr. Aldridge did not dispute that he had not received medical treatment in the six months preceding the Department's order closing his claim. Although the IAJ repeatedly instructed Mr. Aldridge, both verbally and in writing, that he had the burden of producing medical expert testimony sufficient to demonstrate he was in need of continued proper and necessary medical treatment, Mr. Aldridge failed to offer any expert medical testimony at the hearing.

In reviewing the record before the Board in a light most favorable to Mr. Aldridge, Mr. Aldridge failed to make a prima facie showing that his claim-related conditions necessitated continued proper and necessary treatment or that he had a permanent partial disability. Because Mr. Aldridge did not meet his burden of establishing a prima facie

9

No. 40637-7-III
*Aldridge v. Dep't of Lab. & Indus.*

case, we affirm the superior court's order granting summary judgment dismissal of

Mr. Aldridge's petition for review.

Affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Cooney, J.

WE CONCUR:

Fearing, J.

Murphy, J.